# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
### WESTERN DIVISION

UNITED STATES OF AMERICA                    CASE NO.  1:12-cr-60

              Plaintiff,                    Judge Michael R. Barrett

    v.

BENNIE OVERTON

              Defendant.

## <u>ORDER AND OPINION</u>

This matter is before the Court on Defendant Bennie Overton's Motion to Dismiss Count One of the Indictment (Doc. 21), Motion to Suppress Identification Testimony (Doc. 22), and Motion to Suppress Evidence Obtained from Vehicle Search (Doc. 24).[1]

## I.  <u>Motion to Dismiss Count One of the Indictment</u>

Defendant seeks to Dismiss Count One of the Indictment, arguing that the Interstate Commerce element of the carjacking statute does not apply to an alleged carjacking which occurred entirely intra-state.  (Doc. 21).  As pointed out by the government in its response (Doc. 32), the Sixth Circuit has addressed this issue previously.

In the case of *United States of America v. Johnson*, 22 F.3d 106 (1994), the defendant and two other men forcibly took a 1987 Nissan car from its owner in Chattanooga, Tennessee.  The victim in that case had purchased the car new from a Chattanooga dealer.  *Id.* at 107.  Nissan manufactured the car in Smyrna, Tennessee

---

[1]The Court orally ruled on these Motions on August 13, 2012 (Doc. 35).

and shipped it to the Chattanooga dealer. *Id.* The car passed through Georgia on its way to Chattanooga. *Id.* The defendant argued that the carjacking statute must be interpreted to cover only those cars which are "moving in interstate commerce" at the time of the carjacking, not those which have "come to rest" in the state. *Id.* The Sixth Circuit disagreed and ruled:

> So long as the activity regulated has an effect on interstate commerce it makes no difference that the transported item is now "at rest" and is no longer "in" interstate commerce. A long line of cases establishes the general or aggregate "economic effect" standard and does away with the requirement that the individual act at issue must be "in interstate commerce" or involve movement in interstate commerce.

*Johnson*, 22 F.3d at 109 (citing *Wickard v. Filburn*, 317 U.S. 111, 127-28 (1942); *Heart of Atlanta Motel, Inc. v. United States*, 379 U.S. 241 (1964); *Perez v. United States*, 402 U.S. 146, 154. The Sixth Circuit went on to say:

> It is obvious that carjackings as a category of criminal activity have an effect on interstate travel and the travel of foreign citizens of this country. Thus we must reject defendant's argument that the carjacking statute as applied here is unconstitutional.

*Id.* The Sixth Circuit reaffirmed the constitutional validity of § 2119 in *United States v. McHenry*, 97 F.3d 125, 129 (6th Cir. 1996). Accordingly, Defendant's motion to dismiss Count One of the Indictment (Doc. 21) is overruled.

## II.    Motion to Suppress Evidence Obtained from Vehicle Search

Defendant also seeks to suppress evidence obtained from the search of the stolen vehicle. (Doc. 24). As a preliminary matter, the government argues that Defendant did not have standing to suppress the seizure of any items taken from the motor vehicle. On the day of the seizure, May 4, 2012, Cincinnati Fire Department

personnel responded to the Marathon Gas Station on Gilbert Avenue. Upon arriving at the scene, firefighters encountered a motor vehicle at a gas pump with the occupant slumped over in the driver's seat. Firefighters blared the truck horn, examined the occupant's eye pupils and administered smelling salts to no avail. Eventually, in response to a knuckle-rub administered to his chest, the Defendant awoke grabbing the arm or shirt of the firefighter attending to him. While the firefighter and Defendant grappled, other firefighters observed a firearm between and under his legs. Upon seeing the firearm the firefighters positioned themselves to remove the weapon for their own protection.

First, the government correctly cites *United States v. Hensel*, 672 F.2d 578 (6th Cir. 1982) for the proposition that a person who knowingly possesses a stolen car has no legitimate expectation of privacy in that vehicle.

> The district court held that the defendant had no legitimate expectation of privacy in the stolen truck and thus had no standing to contest the warrantless search of the truck which produced the evidence that it was stolen. We agree with the district court that the defendant lacked standing to challenge the search of the truck because he had no legitimate expectation of privacy in the stolen vehicle or its contents. *United States v. Hargrove*, 647 F.2d 411 (4th Cir. 1981); see, *Rakas v. Illinois*, 439 U.S. 128, 143-144 & n.12, 99 S.Ct. 421, 430-431 & n. 12, 58 L. Ed.2d 387 (1978).

*Hensel*, 672 F.2d at 579. Therefore, the Defendant does not have standing to seek suppression of the recovered item.

Further, under the Plain View Doctrine, contraband may be seized if (1) the officer did not violate the Fourth Amendment in arriving at the place where the evidence could be plainly viewed; (2) the object's incriminating character was immediately

apparent; and (3) the officer's lawful right of access to the object itself. *United States v. Dixon,* 405 Fed. Appx. 19, 22 (6th Cir. 2010). In this instance, the firefighters responding to the emergency call had a duty to determine if the occupant was in need of medical attention. Consequently, the firefighters were clearly at the scene legally. They did nothing to uncover the firearm but, rather, it became plainly visible during the course of the struggle between a firefighter and Defendant. Upon seeing the weapon in the car, the firefighters secured the firearm for their own personal safety and lawfully gained control of the weapon itself. Accordingly, Defendant's motion to suppress the evidence from the vehicle search (Doc. 24) is overruled.

## III.   Motion to Suppress Identification Testimony

Finally, Defendant challenges the identification procedure. (Doc. 22). The Court follows a two-step analysis for determining the admissibility of identification evidence. *Ledbetter v. Edwards*, 35 F.3d 1062, 1070 (6th Cir.1994); *United States v. Hill*, 967 F.2d 226, 230 (6th Cir. 1992).

First, the defendant bears the burden of proving that the identification procedure was impermissibly suggestive. *Ledbetter*, 35 F.3d at 1070-71. Second, if the defendant meets this burden, the court evaluates the totality of the circumstances to determine whether the identification was nevertheless reliable. *Id.* at 1071. Therefore, the Court must first determine whether the identification procedure was unduly suggestive. Having reviewed the photo array, the Court concludes that it is not unduly suggestive and was presented in a neutral fashion. The subjects in the array share substantial similarities including, age, hair, coloring and facial hair and the presentation of the photos was not suggestive in any way. *See United States v. Sullivan*, 431 F.3d 976,

985 (6th Cir. 2005). Irrespective of that finding, the Court completes the record by considering the totality of the circumstances to determine whether the identification was nevertheless reliable. *Ledbetter*, 35 F.3d at 1070-71 (applying *Neil v. Biggers*, 409 U.S. 188, 198 (1972)).

Therefore, the Court considers the following factors in the reliability analysis:

(1) The witness's opportunity to view the suspect at the time of the crime. In this instance, the witness saw the Defendant walk by and up to the car with the car light on. A face-to-face discussion ensued about a lighter and then after being held at gun point inside the car, there was more than sufficient time again for the victim to view the Defendant and his features.

(2) The witness's degree of attention at the time of the crime. The witness said that he was scared but focused as he wanted to remember individual characteristics of his accoster.

(3) The accuracy of the witness's prior description of the defendant. In this case the description was accurate.

(4) The witness's level of certainty when identifying the defendant at the confrontation. The witness testified that he was 100 percent sure of his identification at the photo array and of his in-court identification.

(5) The length of time between the crime and the confrontation. The actual carjacking took place on April 29, 2012 and the victim viewed the photo array on May 5, 2012. *See generally Neil*, 409 U.S. at 199-200; *Ledbetter*, 35 F.3d at 1071.

Having reviewed those factors individually and collectively, the Court finds the identification was reliable. Defendant's motion to suppress the identification testimony (Doc. 22) is overruled.

For the foregoing reasons, Defendant's motions (Docs. 21, 22, 24) are **OVERRULED.**

**IT IS SO ORDERED**.

s/Michael R. Barrett
Michael R. Barrett, Judge
United States District Court