THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION CINCINNATI

BENNIE OVERTON,

       Petitioner,

   vs.

USA,

       Respondent.

Case No. 1:12-cr-060
(Civil Case No. 1:15-CV-00668-MRB)

Judge Michael R Barrett

**ORDER**

This matter is before the Court on Petitioner's Motion to Vacate under 28 U.S.C. § 2255 (Doc. 92), the government's Motion to Dismiss (Doc. 113), and several related motions. Through counsel, Petitioner filed a Supplemental Motion to Correct Sentence (Doc. 107) setting forth legal authority in support of a claim under *Johnson v. United States*, 135 S. Ct. 2551 (2015). Also pending on the docket are multiple *pro se* motions to supplement, amend, and/or to expand the record filed by Petitioner (Docs. 96, 110, 116, 118, 128). Additionally, Petitioner filed a motion (Doc. 90) demanding that the undersigned recuse.

**I.    BACKGROUND**

On June 6, 2012, Petitioner was charged in a three-count indictment. (Doc. 1, Indictment). Count One charged Petitioner with Carjacking, in violation of 18 U.S.C. § 2119 and 2. (*Id.*) Count Two charged Petitioner with Knowingly Using, Carrying, and Brandishing a firearm during and in Relation to the Carjacking in violation of 18 U.S.C. § 924(c )(1)(A) and 2. (*Id.*) Count Three charged the defendant with being a Felon in Possession of a Firearm, in violation 18 U.S.C. § 922(g). (*Id.*)

1

On June 12, 2012, Petitioner appeared before United States Magistrate Judge Karen L. Litkovitz and entered a plea of not guilty to all counts of the Indictment. (Doc. 8, Minute Entry).

On August 13, 2012, Petitioner entered a guilty plea to Count Three of the Indictment. (Doc. 35, Minute Entry). On August 14, 2012, a jury trial commenced pertaining to Counts One and Two. (Doc. 37, Minute Entry). On August 16, 2012, the jury returned guilty verdicts on Counts One and Two. (Doc. 44, Jury Verdict). Petitioner was remanded to the custody of the U.S. Marshal. On March 7, 2013, Petitioner was sentenced to 115 months imprisonment on Counts One and Three to be served concurrently with each other, and consecutive to the 84-month sentence he received for Count Two. (Doc. 68, Judgment). Petitioner was sentenced to a total of 199 months Imprisonment, to be followed by three years of supervised release. (*Id.*). Petitioner appealed, and the Sixth Circuit affirmed. *United States v. Overton*, 558 F. App'x 618, 628 (6th Cir. 2014). When Petitioner complained that the Sixth Circuit did not address one of his arguments, the Sixth Circuit issued a supplemental order. *United States v. Overton*, 600 F. App'x 303, 311 (6th Cir. 2014).

On June 26, 2015, the United States Supreme Court held that the "residual clause" of the Armed Career Criminal Act was unconstitutionally vague. *Johnson v. United States*, 135 S. Ct. 2551 (2015). Petitioner filed a motion to vacate sentence pursuant to 28 U.S.C. § 2255, arguing that, in light of *Johnson*, the residual clause of 18 U.S.C. § 924(c)(3)(B) is also unconstitutionally vague and that his sentence should thus be overturned. (Doc. 107). Specifically, Petitioner through counsel argued that his "conviction for Use of a Firearm to Facilitate a Crime of Violence in violation of 18

2

U.S.C. § 924(c)(1)(A) is no longer tenable because his conviction for Carjacking in violation of 18 U.S.C. § 2119 no longer qualifies as a predicate offense." (Doc. 107, PageID 1188). Petitioner has also asserted, *pro se*, multiple other grounds for habeas relief: (1) "both the lower and higher courts failed to adjudicate Petitioner's claims of unlawful arrest; search; probable cause standard" ("Ground 1"); (2) "ineffective assistance of appellate counsel Kevin Michael Schad" ("Ground 2"); (3) "ineffective assistance of counsel Richard Smith Monahan ("Ground 3"); (4) "trial judge acted outside of his jurisdiction and assisted in the prosecution" ("Ground 4"); and (5) "both the lower and higher courts violated Due Process Rights by ruling on a none [sic] existent claim in order to mask over and ignore Petitioner's unlawful arrest claim and probable cause claim" ("Ground 5"). (Doc. 92, PageID 1049-50).

## II. ANALYSIS

### a. Motion to Recuse

The Court will begin with Petitioner's Motion to Recuse (Doc. 90). Under 28 U.S.C. § 455(a), a judge "shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." Under 18 U.S.C. § 455(b), he or she shall also recuse in the following circumstances:

> **(1)** "Where he has a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding";
> **(2)** "Where in private practice he served as lawyer in the matter in controversy, or a lawyer with whom he previously practiced law served during such association as a lawyer concerning the matter, or the judge or such lawyer has been a material witness concerning it";
> **(3)** "Where he has served in governmental employment and in such capacity participated as counsel, adviser or material

> witness concerning the proceeding or expressed an opinion
> concerning the merits of the particular case in controversy";
> **(4)** "He knows that he, individually or as a fiduciary, or his
> spouse or minor child residing in his household, has a
> financial interest in the subject matter in controversy or in a
> party to the proceeding, or any other interest that could be
> substantially affected by the outcome of the proceeding";
> **(5)** "He or his spouse, or a person within the third degree of
> relationship to either of them, or the spouse of such a
> person":
>> **(i)** "Is a party to the proceeding, or an officer, director,
>> or trustee of a party";
>> **(ii)** "Is acting as a lawyer in the proceeding";
>> **(iii)** "Is known by the judge to have an interest that
>> could be substantially affected by the outcome of the
>> proceeding";
>> **(iv)** "Is to the judge's knowledge likely to be a
>> material witness in the proceeding."

Applying the arguments offered by Petitioner to the standard expressed in 28 U.S.C. § 455, the impartiality of the undersigned cannot be reasonably questioned. Petitioner expresses dissatisfaction with his underlying criminal trial, and contends in conclusory fashion that the undersigned lacked impartiality, but offers no valid basis for the recusal of the undersigned. The Motion to Recuse (Doc. 90) is thus denied.

    b. Motion to Vacate/Motion to Dismiss

        i. *Johnson* Claim

The government moves the Court to dismiss Petitioner's *Johnson* claim. Rule 12 of the Rules Governing § 2255 Motions provides that, unless inconsistent with "any statutory provisions or these rules," the Federal Rules of Civil Procedure may be applied to proceedings under 28 U.S.C. § 2255. *See also* Fed. R. Civ. P. 81(a)(4). A motion to dismiss of the type filed by the United States parallels relief that can be sought under Fed. R. Civ. P. 12(b)(6), *i.e.*, dismissal for failure to state a claim upon which relief can be granted or dismissal because of a dispositive affirmative defense available on the

4

face of the record. *United States v. Olivares-Cepeda*, No. 1:13-cr-108, 2016 U.S. Dist. LEXIS 55484, at *2 (S.D. Ohio Apr. 26, 2016). The government argues that, because *Johnson* does not invalidate § 924(c)(3)(B), Petitioner has failed to assert a constitutional right entitling him to relief.

In *Johnson*, the Supreme Court of the United States held that the residual clause of the Armed Career Criminal Act was unconstitutionally vague. Petitioner was not sentenced under the ACCA; instead, he was sentenced under the "crime of violence" clause in 18 U.S.C. § 924(c)(3)(B). Due to the similarity of the two clauses, Petitioner asks this Court to treat 18 U.S.C. § 924(c)(3)(B) as unconstitutionally vague based on *Johnson*, and to resentence him. Specifically, Petitioner argues that his "18 U.S.C. § 924(c) offense is predicated upon his carjacking conviction"; "federal carjacking does not require violent conduct"; and, "therefore, these offenses do not qualify as proper predicate offenses under 18 U.S.C. § 924(c)." (Doc. 107, PageID 1189). The government persuasively argues, however, that this argument is foreclosed by controlling Sixth Circuit precedent.

In *United States v. Taylor*, 814 F.3d 340, 376–79 (6th Cir. 2016), the Sixth Circuit held that *Johnson* does not affect the residual clause of 18 U.S.C. § 924(c)(3)(B). Furthermore, carjacking is a crime of violence under 18 U.S.C. § 924(c)(3)(A). *Compare United States v. McBride*, 826 F.3d 293, 295-296 (6th Cir. 2016) (holding that bank robbery is a crime of violence), *with United States v. Jackson*, Nos. 17-3896, 17-3902, 2019 U.S. App. LEXIS 7201, at *37 (6th Cir. Mar. 12, 2019) ("Because the federal bank robbery and carjacking statutes use identical language, our precedent requires us to conclude—as have the Fourth, Fifth, and Eleventh Circuits—that the commission of

5

carjacking by 'intimidation' necessarily involves the threatened use of violent physical force and, therefore, that carjacking constitutes a crime of violence under § 924(c)'s elements clause."). *Accord*: *Dobbins v. United States*, No. 17-5015, 2017 U.S. App. LEXIS 27985, 2017 WL 6853012, at *1 (6th Cir. June 6, 2017). At least three other circuits have reached the same conclusion. *See United States v. Jones*, 854 F.3d 737, 740-41 (5th Cir.), *cert. denied*, 138 S. Ct. 242, 199 L. Ed. 2d 155 (2017) (mem.); *United States v. Evans*, 848 F.3d 242, 247 (4th Cir.), *cert. denied*, 137 S. Ct. 2253, 198 L. Ed. 2d 688 (2017) (mem.); *In re Smith*, 829 F.3d 1276, 1280-81 (11th Cir. 2016).

Because *Taylor* makes clear that *Johnson* does not invalidate § 924(c)(3)(B), and carjacking constitutes a "crime of violence" under 18 U.S.C. § 924(c)(3)(A), Petitioner is not entitled to relief under 18 U.S.C. § 2255.

> ii. Grounds Asserted *Pro Se*

The government's motion to dismiss does not address Petitioner's *pro se* grounds for relief. However, the Court is empowered – and required – to dismiss under Rule 4(b) of the Rules Governing Section 2255 Proceedings if "it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief[.]" The Advisory Committee Notes to Rule 4 of the § 2255 rules incorporate by reference certain portions of the Advisory Committee Notes to Rule 4 of the § 2254 rules, which state that "it is the duty of the court to screen out frivolous applications[.]" In addition, the foregoing committee notes state that "'notice' pleading is not sufficient, for the petition is expected to state facts that point to a 'real possibility of constitutional error.'" Advisory Committee Notes, Rule 4, Rules Governing Habeas Corpus Cases Under Section 2254 (citing *Aubut v. State of Maine,* 431 F.2d 688, 689

6

(1st Cir. 1970) ("The petition should set out substantive facts that will enable the court to see a real possibility of constitutional error. Habeas corpus is not a general form of relief for those who seek to explore their case in search of its existence.")). *Accord*: *Pettigrew v. United States*, 480 F.2d 681, 684 (6th Cir. 1973) (dismissing claim based on "only bald legal conclusions with no supporting factual allegations") (quoting *Sanders v. United States*, 373 U.S. 1, 19, 83 S. Ct. 1068, 10 L. Ed. 2d 148 (1963)).

a. Grounds 1 and 5: Fourth Amendment

Grounds 1 and 5 generally argue that both the trial court and the Sixth Circuit failed to properly adjudicate Petitioner's fourth amendment suppression arguments. However, this Court ruled on Petitioner's fourth amendment arguments; the Sixth Circuit affirmed; and, when Petitioner complained that the Sixth Circuit order did not address a sub-argument, the Sixth Circuit even issued a supplemental order. *Overton*, 558 F. App'x at 628; *Overton*, 600 F. App'x at 311. Petitioner's fourth amendment arguments were thus fully adjudicated. To the extent that Petitioner disagrees with the outcome, a Section 2255 petition is not the avenue to relitigate the direct appeal. *Wright v. United States*, 182 F.3d 458, 467 (6th Cir. 1999). Thus, Grounds 1 and 5 fail.

b. Grounds 2 and 3: Ineffective Assistance of Counsel

Petitioner argues that both his trial and appellate counsel were ineffective. The "assistance of counsel" guaranteed by the Sixth Amendment presumes that a criminal defendant has "the right to the effective assistance of counsel." *Strickland v. Washington*, 466 U.S. 668, 686, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984) (quoting *McMann v. Richardson*, 397 U.S. 759, 771 n.14, 90 S. Ct. 1441, 25 L. Ed. 2d 763

7

(1970)). To establish a claim of ineffective assistance of trial counsel, a criminal defendant must make a two-part showing:

> First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable.

*Strickland*, 466 U.S. at 687; *see also O'Hara v. Brigano*, 499 F.3d 492, 505 (6th Cir. 2007).

Overall, the constitutional standard for adequate representation is "an objective standard of reasonableness" in line with "prevailing professional norms." *Strickland*, 466 U.S. at 687-88. Counsel's performance also should be evaluated in light of the totality of the circumstances. *See id*. at 690; *Mason v. Mitchell*, 320 F.3d 604, 618 (6th Cir. 2003). To satisfy the prejudice prong, a defendant "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694. A defendant's failure to satisfy either prong of the *Strickland* test obviates the need for the court to consider the other prong. *Id*. at 697; *see also Stanford v. Parker*, 266 F.3d 442, 454 (6th Cir. 2001), *cert. denied*, 537 U.S. 831, 123 S. Ct. 136, 154 L. Ed. 2d 47 (2002).

In addition to representation at trial, criminal defendants are also entitled to adequate representation on appeal. To evaluate a claim of ineffective assistance of appellate counsel, then, the court must assess the strength of the issue that counsel failed to raise. *Henness v. Bagley*, 644 F.3d 308 (6th Cir. 2011), *citing Wilson v. Parker*,

515 F.3d 682, 707 (6th Cir. 2008). Counsel's failure to raise an issue on appeal could only be ineffective assistance if there is a reasonable probability that inclusion of the issue would have changed the result of the appeal. *McFarland v. Yukins*, 356 F.3d 688, 699 (6th Cir. 2004), *citing Greer v. Mitchell*, 264 F.3d 663, 676 (6th Cir. 2001), *cert. denied*, 535 U.S. 940, 122 S. Ct. 1323, 152 L. Ed. 2d 231 (2002). If a reasonable probability exists that the defendant would have prevailed had the claim been raised on appeal, the court still must consider whether the claim's merit was so compelling that the failure to raise it amounted to ineffective assistance of appellate counsel. *Henness*, 644 F.3d at 317.

Here, petitioner attacks the representation he received from both his trial counsel and his appellate counsel.

**Trial counsel**: Petitioner contends that: (1) his trial counsel failed to challenge his "unlawful arrest . . . by firefighters who lacked the authority to arrest petitioner" (Doc. 92, PageID 1049); and (2) his trial counsel entered into an unfavorable stipulation (*Id.*).

*Unlawful Arrest*: The Sixth Circuit has already summarized the circumstances surrounding how Petitioner came to be in custody. Five days after Petitioner is alleged to have stolen a car at gunpoint:

> [Cincinnati Fire Department personnel] received a 911 call for emergency medical assistance, relating to a "reported unconscious person in a vehicle at the gas pumps" of a gas station on Gilbert Avenue. Upon arriving at the gas station, the EMS personnel saw their patient (later identified as Overton) leaning back in the driver's seat of a silver sedan (later identified as Gore's 2004 Nissan Maxima). The patient was "in the driver's seat, eyes closed, unresponsive, the doors closed." After blowing the fire truck's air horn and administering ammonia inhalants in unsuccessful attempts to

> rouse Overton, the EMS personnel employed a sternum rub technique to wake him.
>
> Upon waking, Overton seemed confused and disoriented and grabbed the shirt of the firefighter who administered the sternum rub. While the EMS personnel were talking to Overton and attempting to ascertain his condition, he shifted his legs in his seat and exposed the handle of a .45 caliber pistol. At this point, the EMS personnel began to get nervous for their safety and the safety of those around them. They accordingly removed Overton from the car and secured the pistol.

(Doc. 78, PageID 972).

Petitioner's argument that his counsel failed to challenge his purported arrest is wholly unsupported by the record. Prior to trial, trial counsel moved to suppress the gun, arguing that it was a fruit of his illegal arrest by the firefighter, who had allegedly applied force in a manner that led Petitioner to believe he was not free to leave. (Doc. 24). After holding a hearing, this Court denied the motion, determining that the gun was in plain view and that, in any event, Petitioner had no reasonable expectation of privacy in a stolen car. On appeal, the Sixth Circuit affirmed the denial of his suppression motion. *United States v. Overton*, 558 F. App'x 618, 625 (6th Cir. 2014). Petitioner sought a panel rehearing, arguing that both this Court and the Sixth Circuit ignored his claim that the firefighters had illegally searched his person, not just the car. The Sixth Circuit issued an amended order in response, finding that even if Overton had been arrested by the firefighters, the gun was properly admitted. *Overton*, 600 F. App'x at 309-11.

Petitioner's argument that trial counsel failed to challenge his "unlawful arrest" is without merit.

10

*Stipulation*: Petitioner also states that trial counsel was ineffective because he entered into a stipulation "agreeing not to present evidence favorable to defendant." (Doc. 92, PageID 1049). Petitioner fails to specify what if any stipulation allegedly prejudiced him, but based on the record it appears that he challenges a stipulation that was addressed on his direct appeal. On appeal, Petitioner argued that he was denied the right to present the defense that Petitioner used a BB gun, rather than an actual firearm, when he forced the victim from his car. *Overton*, 558 F. App'x at 622. During Overton's cross-examination, the government asked him about the location of the BB gun. The BB gun was one of several items of evidence seized from Overton's residence that the parties agreed not to use at trial. In response, Overton's counsel attempted to introduce a photograph of the BB gun that he received from the Government during discovery in order to prevent the jury from drawing the inference that Overton lied. This Court ruled that allowing Overton to introduce a picture of the BB gun would open the door for the government to introduce evidence of the other items seized from his residence. Overton argued on appeal, unsuccessfully, that this ruling deprived him of his right to present a defense. Now, he argues that trial counsel was ineffective for entering into a stipulation that a BB gun had been found at his residence. The Court disagrees with Petitioner. Trial counsel meticulously preserved the record on this issue, and negotiated a stipulation that had the same effect as showing a photograph of the BB gun to the jury without the adverse consequence of opening the door to other, prejudicial evidence. (Doc. 74, PageID 762); *United States v. Overton*, 558 F. App'x at 623. Trial counsel made no error, let alone an error "so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment."

*Strickland*, 466 U.S. at 687. And, even assuming *arguendo* that the stipulation somehow evidences deficient performance, the Court cannot find prejudice. The stipulation that trial counsel secured corroborated Petitioner's defense theory. Petitioner's collateral attack on his trial counsel's performance is not well taken.

**Appellate Counsel**: In addition, Petitioner contends that appellate counsel was ineffective because he argued for the wrong standard of review on the suppression issue; ineffectively argued the suppression issue; failed to challenge the sufficiency of the evidence; and failed to request rehearing *en banc.* The foregoing arguments lack merit.

*Standard of Review*: The standard of review for motions to suppress is well settled. *United States v. Young*, 707 F.3d 598, 602 (6th Cir. 2012). Petitioner has not explained how, if at all, appellate counsel advocated for the wrong standard. Nor has Petitioner shown how application of a different standard would have changed the result. Petitioner has not met either element of the *Strickland* test.

*Suppression:* Petitioner's argument that appellate counsel failed to challenge this Court's ruling on the suppression of evidence is flatly contradicted by the record. (Doc. 78, PageID 980). As discussed above, the suppression argument was presented, but the Sixth Circuit affirmed this Court in both an order and supplemental order based on well settled law. (*Id.*) This argument also fails.

*Sufficiency of the Evidence*: Petitioner argues that appellate counsel was deficient because he failed to argue that the evidence presented at trial was insufficient to sustain a conviction. This ground lacks merit—the eyewitness testimony and other evidence presented at trial was more than enough to support the verdict. (Doc. 72,

PageID 519). "[B]ecause the evidence plainly was sufficient to sustain petitioner's conviction, he has failed to establish the ineffective assistance of appellate counsel due to his attorney's failure to raise this issue on direct appeal." *Brika v. United States*, No. 2:08-cv-877, 2010 U.S. Dist. LEXIS 83899, at *46-47 (S.D. Ohio Aug. 17, 2010). Refraining from a meritless legal strategy shows neither deficient performance nor prejudice. *United States v. Carter*, 255 F.3d 920, 924 (6th Cir. 2004).

*En Banc Rehearing:* As to petitioner's claim that counsel should have filed a petition for rehearing *en banc*, a criminal defendant has no right to an *en banc* hearing. "An *en banc* hearing or rehearing is not favored and ordinarily will not be ordered unless: (1) *en banc* consideration is necessary to secure or maintain uniformity of the court's decision; or (2) the proceeding involves a question of exceptional importance." Fed. R. App. P. 35. Petitioner's case would not have been appropriate for *en banc* review.

Accordingly, Petitioner's ineffective assistance of appellate counsel claim fails.

### c. Ground 4: Trial Judge Assisted the Prosecution

Petitioner argues that the transcript shows that the undersigned "intimidated trial counsel." (Doc. 92, PageID 1050). This conclusory assertion wholly lacks legal or factual support, and is not well taken.

### c. Motions to Supplement, Amend, or Expand the Record

Petitioner has filed multiple motions to supplement, amend, or expand the record. These motions were made beyond Petitioner's statute of limitations. Even assuming that the supplemental information relates back to the original Petition, the Court fails to see how Petitioner's proposed amendments are not futile. Furthermore, expansion of

13

the record is inappropriate because Petitioner's grounds fail on the face of the record. *Ross v. United States*, 339 F.3d 483, 490 (6th Cir. 2003). The motions are not well taken.

## III.  CONCLUSION

Therefore, consistent with the above, the Motions to Vacate (Docs. 92, 107) are **DENIED**; the government's Motion to Dismiss (Doc. 113) is **GRANTED**; the Motion to Recuse (Doc. 90) is **DENIED**; and the Motions to Supplement, Amend, or Expand the Record (Docs. 96, 110, 116, 118, 128) are **DENIED**.  Because reasonable jurists would not disagree with the Court's conclusion, and Petitioner has not made a showing of a substantial denial of a constitutional right, he is denied a certificate of appealability. As any appeal would be objectively frivolous, Petitioner shall not be granted leave to appeal *in forma pauperis*.  Case No. 1:15-CV-00668-MRB is **CLOSED AND TERMINATED** from the active docket of this Court.

                                                s/*Michael R. Barrett*
                                                Hon. Michael R. Barrett
                                                United States District Judge